UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION


IN RE:

WILLIE BRAD MOORE and
VHERNADETTE C. MOORE                          CASE NO. 08-50143

DEBTORS

FIA CARD SERVICES, N.A.
f/k/a MBNA AMERICA BANK, N.A.                 PLAINTIFF

VS.                                           ADVERSARY NO. 08-5055

WILLIE BRAD MOORE                             DEFENDANT

### MEMORANDUM OPINION AND ORDER

 This matter came on for hearing regarding a stipulation and proposed order on July 22, 2008. The Court having taken the matter under submission issues this Memorandum Opinion and Order.

This matter is submitted to the Court on the issue of whether the Court should approve a stipulation and proposed order stating that $1,500.00 would not be discharged.

Facts. A complaint (DOC 1) was filed on April 20, 2008, alleging fraud under 11 U.S.C. § 523(a)(2). On June 19, 2008, a stipulation of nondischargeability and proposed order (DOC 5) were entered. The stipulation and proposed order stated that $1,500.00 would not be discharged. The stipulation and proposed order did not stipulate that fraud had been committed. The Court scheduled a hearing because of concerns as to whether the stipulation and proposed order were entered into as a result of fraud on the behalf of one of the debtors, or whether the stipulation and proposed order were entered into solely to prevent the creditor from pursuing the matter further. At the hearing, the defendant debtor adamantly denied committing fraud.

Conclusions of Law. "Settlement of a section 523(a)(2)(A) complaint is implicitly, if not explicitly, an acknowledgment of the fraud claims embodied in that section of the Bankruptcy Code. It is, absent language to the contrary, an admission of misconduct in the nature of 'false pretenses, a false representation, or actual fraud.' As a practical matter, if not a legal question, the credit community's view and the general perception of settling a claim predicated on fraud--as here--is that fraud, deceit or some wrongful conduct, is implicitly acknowledged by the defendant, if not actually explicitly admitted." In re Panem, 352 B.R. 269, 279 (Bankr. D. Colorado 2006).

"The inherent powers of this Court, embodied in 11 U.S.C. § 105(a), impose a duty on this Court to ensure that the provisions of the Code are carried out and to prevent an abuse of process. In effect, this Court, if it does not review the terms and conditions of a submitted stipulation, the language of the motion to approve the stipulation, and the proposed order filed therewith, abdicates its duties." Id. at page 278.

Here, the defendant debtor has not admitted committing fraud, in fact, he has adamantly denied committing fraud. For that reason, this Court cannot approve the stipulation and proposed order.

For those reasons, the stipulation and proposed order are hereby DISAPPROVED. Creditor is hereby ordered to return any money that it has received from the defendant in settlement of this matter within 30 days. Defendant is allowed 30 days to file an answer to the complaint. An order scheduling a trial in this matter shall be entered separately.

Copies to:

Richard S. Ralston, Esq.
FIA CARD SERVICES, N.A.
f/k/a MBNA AMERICA BANK, N.A.
John M. Simms, Esq.
Debtors
U.S. Trustee

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
***Joseph M. Scott***
**Bankruptcy Judge**
**Dated: Tuesday, July 22, 2008**
**(jms)**